AMANDA SPAULDING *vs.* ROBERT FISHER.

Money and choses in action are property for the fraudulent transfer of which the debtor and the person knowingly aiding him in such transfer, would be liable under R. S., c. 113, § 47.

A house purchased with the funds of a debtor, to whomsoever conveyed, is, as to his creditors, his property.

And its fraudulent transfer is equally established whether the conveyance is directly from the debtor, or from another by the debtor's direction and procurement.

ON REPORT.

CASE under R. S., c. 113, § 47. Writ dated July 7, 1868.

It was objected by the defendant that upon the facts alleged, if proved, the plaintiff could not maintain the action.

It appeared that David P. Chase, the debtor named in the writ, on the 26th of August, 1867, filed in the district court of the United States, for the district of Maine, his petition to be decreed a bankrupt, and in September following he was decreed a bankrupt,

and an assignee appointed; and that a petition for his final discharge is now pending, but is opposed by this plaintiff. Thereupon it was contended by the defendant, that the plaintiff was not such a creditor as was entitled to maintain this action. Whereupon the case was withdrawn from the jury and reported to the full court for the determination of these two points.

So much of the declaration as is essential is recited in the opinion.

*J. H. Webster*, for the plaintiff.

*S. D. Lindsey*, for the defendant.

1. It is not alleged in the writ that any property of Chase has been transferred to or concealed by the defendant; or that Chase possessed any property that could have been attached or seized on execution.

The dwelling-house was never the property of Chase, so it could have been attached or seized. Taking the conveyance of the same from French, cannot bring the defendant within R. S., c. 113, § 47.

2. The plaintiff must have proved her claim in the court of bankruptcy. She will be entitled to receive her proportion of the debtor's estate, and his discharge in bankruptcy will be a bar to this action.

APPLETON, C. J. This is an action brought under the provisions of R. S., c. 113, § 47, against the defendant for aiding in the fraudulent concealment or transfer of the property of one David P. Chase, a debtor of the plaintiff.

The allegations in the plaintiff's writ are to be regarded as true, for the purpose of determining whether or not the action is maintainable.

The writ alleges that the plaintiff by the name of Amanda Lawrence, obtained judgment against said Chase, which still remains unsatisfied; that prior to and at the time of the rendition of said judgment, said Chase was " the owner of a large amount of money, choses in action or other property to the amount of eleven hundred

Spaulding *v.* Fisher.

dollars;" that he invested the same in a dwelling-house and land, which, "for the purpose, and with the design of concealing the same, and to secure it from creditors, and to prevent its attachment or seizure on execution by his creditors," he caused to be conveyed to the defendant; that the defendant "well knowing the fraudulent intent and design of the said Chase, and knowingly intending to aid and assist said Chase fraudulently to conceal said property, and to secure the same from attachment, or seizure on execution by his creditors, and particularly this plaintiff, did take a conveyance of said house and land, and now holds the same, and so the plaintiff says" the said defendant "did knowingly aid and assist said Chase in such fraudulent transfer and concealment of the said property, to secure the same from creditors, and prevent its attachment or seizure on execution," &c., "by reason whereof the plaintiff has been wholly defrauded of her debt," &c.

It is objected that the plaintiff does not show that the debtor Chase owned the dwelling-house, so that it could be attached or levied upon as his property, and that therefore the action is not maintainable.

But the allegation is, that Chase owned certain money and other property which he invested in a dwelling-house. If so, as against his creditors, the dwelling-house was his, and was subject to his debts by process at law and in equity. The dwelling-house was purchased with his funds. To prevent its attachment he caused it to be conveyed to the defendant.

By R. S., c. 113, § 28, the poor debtor, when taking the oath to procure his discharge, swears that he has "not directly or indirectly sold, conveyed, or disposed of, or intrusted to any person" any of his "real or personal property to secure it, or receive any benefit from it" to himself or others, "with an intent to defraud" any of his creditors.

By § 29, when it appears from the disclosure of a debtor, arrested or imprisoned on execution, that "he possesses or has under his control any bank-bills, notes, bonds, or other contracts or property, which cannot be come at to be attached, and the creditor and

debtor cannot agree to apply the same towards the debt " provision is made for the appraisal of the same, and their application to the satisfaction of the creditor's demand.

By § 46, when a debtor in his disclosure " willfully discloses falsely, withholds or suppresses the truth, the creditor may bring a special action on the case against him . . . particularly alleging the false oath and fraudulent concealment of his estate or property . . . and if the creditor prevails in the suit, judgment shall be rendered against the debtor for double the amount of the debt, and charges on the former judgment," &c.

The statute under which this suit is brought, § 47, gives an action against any person, who " knowingly aids or assists a debtor or prisoner in a fraudulent transfer or concealment of his property, to secure it from creditors and prevent its attachment or seizure on execution," &c.

Now the money of the debtor, Chase, was liable to be taken on execution. R. S., c. 84, § 2. His " choses in action and other property," the creditor had a right to take on appraisal. If disposed of by the debtor to secure any benefit to himself therefrom, he would not be permitted to take the poor debtor's oath, and if he willfully disclosed falsely, withheld or suppressed the truth, he would be liable to a special action on the case at the instance of his creditor, in which judgment might be rendered against him for " double the amount of the debt and charges in the former judgment."

The property of Chase, before its investment by him in a house, was property for the fraudulent transfer or concealment of which the debtor and the person aiding or assisting him in such fraudulent transfer or concealment would be liable under the provisions of the statute to the creditor.

The fraudulent transfer and concealment of the house purchased with the property of the debtor, is none the less within the purpose and meaning of the act under consideration, than would be the fraudulent transfer and concealment of the property of the debtor by which the purchase was made. The property concealed was none the less liable for the debts of the debtor, though the processes

by which it would be come at to be available to satisfy the claims of the creditor, might be more devious than if the property had not been thus transferred and concealed. The house purchased with the funds of the debtor is, as to his creditors, his property. Its fraudulent transfer and concealment is equally established, whether the transfer is directly from the debtor or from another by his direction and procurement, the property transferred having been purchased with his funds. The object of the statute is to afford a remedy to the creditor against any one to whom the property of his debtor, no matter in what it consisted, or how situated, has been fraudulently transferred for the purpose, and with the intent on the part of the debtor transferring, and the individual receiving such transfer to conceal the same, so as " to secure it from creditors and prevent its attachment or seizure on execution."

It appears that David P. Chase has filed his petition in bankruptcy, and has not obtained his discharge. It is objected that the plaintiff is not such a creditor as is entitled to maintain this action. It is uncertain whether Chase will ever obtain his discharge. If he does not, the plaintiff remains a creditor, having a debt undischarged, equally as if his debtor had never attempted to procure a discharge in bankruptcy.

What would be the effect of a discharge in bankruptcy, if obtained by Chase, is a question not argued, and as to which we give no opinion.      *The action is to stand for trial.*

CUTTING, KENT, DICKERSON, BARROWS, and TAPLEY, JJ., con curred.